**SO ORDERED.**

**SIGNED this 02 day of October, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **ROGER THOMAS WILLIAMSON and LISA PHILPOTT WILLIAMSON,** | **09-04809-8-JRL** |
| **DEBTORS.** | |

## ORDER

The matters before the court are the motion by the debtors, Roger Thomas Williamson and Lisa Philpott Williamson, to allow the debtors to make plan payments directly to the chapter 13 trustee and the motion by the chapter 13 trustee, John Logan, to dismiss the case. A hearing was held in Raleigh, North Carolina on September 15, 2009.

Roger Thomas Williamson and Lisa Philpott Williamson filed a petition for relief under chapter 13 of the Bankruptcy Code on June 10, 2009. At the meeting of creditors held on June 11, the trustee informed the debtors that he would require their chapter 13 plan to be funded by payroll deduction and that if the debtors were opposed to payroll deduction then they would need to file a motion requesting permission to make direct payments into their chapter 13 plan. The debtors filed

their motion to permit direct payments into their plan on July 31, 2009, and the trustee filed an objection.

At the hearing, the female debtor, Ms. Williamson, testified that she does not want to put her employer on notice of her bankruptcy by a wage order for payroll deduction from the chapter 13 trustee. Ms. Williamson cited several reasons she felt that her continued employment was at risk: she has only been at her present job for one year and four months; she has a history of medical problems; and she is an older employee. Ms. Williamson testified that this bankruptcy filing could be the final straw that would lead to her being fired. In addition, Ms. Williamson, while admitting she could not prove a causal connection, testified that a fellow employee had been fired shortly after filing for bankruptcy.

The trustee contends that the Williamsons should be required to pay into their plan using payroll deduction. The trustee stated that debtors enrolled in payroll deduction are more likely to successfully complete their plans, and this case specifically has factors that suggest that payroll deduction should be required. The trustee points out that this is Ms. Williamson's fifth bankruptcy case and a couple of the previous cases were dismissed for lack of payments. In addition, there is a large pool of money scheduled to be paid to the unsecured creditors and the mortgage is to be paid through the plan. In addressing Ms. Williamson's concern about her employer learning of the bankruptcy filing and then as a consequence losing her job, the trustee stated that filing for bankruptcy is a matter of public record and, therefore, any privacy concerns expressed by the debtors are not reasonable.

The Bankruptcy Code states that the debtor's plan must "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C. § 1322(a)(1). The debtor may

propose the plan, but this court has generally left the decision of whether a debtor should be required to pay into their plan through payroll deduction to the chapter 13 trustee. Where, as here, the trustee insists that the debtors be required to use payroll deduction to fund their plan and the debtors are opposed to the use of payroll deduction, the court is the final arbiter of whether or not payroll deduction should be required.

This court has always been supportive of the use of payroll deductions and the court agrees with the trustee that a debtor's plan has a greater statistical chance of success if payroll deduction is used to fund the chapter 13 plan. The Bankruptcy Code, however, does not mandate the debtor use a specific method of payment into their plan. While there may be situations where a debtor may be required to use payroll deduction in order for their plan to be confirmed, the debtors in the present case have demonstrated circumstances that have convinced the court that they should not be mandated to use payroll deduction to fund their plan. Specifically, Ms. Williamson's belief that she will lose her job if payroll deduction is utilized, whether or not accurate, is genuine, as she has requested dismissal of the case if payroll deduction is mandated. On these facts, the court will allow the debtors' to make direct payments to the trustee.

The second matter before the court is the trustee's motion to dismiss. The trustee asserts that the debtors' case should be dismissed because three deductions taken by the debtors on Form B22C were improper: (1) a deduction for life insurance, (2) a deduction for an alarm system, and (3) a deduction for care of a physically or mentally challenged child. The trustee argues that the debtors' plan cannot be confirmed because, absent these improper deductions, the debtors would have additional monthly disposable income that would be paid to unsecured creditors through the plan as is required by 11 U.S.C. § 1325(b). The debtors contend that their deductions are proper.

At the hearing, the debtors were able to sufficiently demonstrate and document that the deductions for life insurance and the alarm system were proper. As to the deduction for care of a physically or mentally challenged child, this deduction is listed on the same line as necessary expenses for education that is a condition of employment, and it is for this latter purpose that a deduction was properly taken by the debtors on this line. Accordingly, the debtors have adequately completed the means test form (Form B22C) and the trustee's motion to dismiss will be denied.

Based on the foregoing, the debtors' motion to allow direct payment into their chapter 13 plan is **ALLOWED** and the trustee's motion to dismiss is **DENIED**.

**END OF DOCUMENT**